is eligible for relief under the First Step Act and the District Court abused its discretion in denying him relief. Now, United States v. Perez-Silvin and United States v. Nunez, both of which are cited in the government's answering brief, stand for the proposition that a party waives an issue of the first step. These cases respectfully preclude the court from considering whether Mr. Browning's conspiracy count is or is not a covered offense under the First Step Act. United States v. Sinanang-Smith and the principle of party presentation respectfully preclude this court from raising that issue on its own motion. But basically, Counselor, are you saying that we should be focusing on whether or not the trial court abused its discretion? Yes, Your Honor. Because assuming that we decide that issue, well, if we decide the issue at birth to your position, then we wouldn't need to reach the statutory question, would we? That is correct, Your Honor. But in my view, and until Saturday, two days ago, the government not once argued that Mr. Browning's conspiracy count was not a covered offense. That issue, in my view, should be deemed waived and the court ought not to raise it on its own volition. So could I ask you, though, you did brief part of the issue, like you briefed the multi-drug conspiracy aspect of the conspiracy count. And you could have just said they'd waive that too in the district court the way your letter now did. It seems like there are sort of two arguments about the conspiracy and you chose to address one of them in your opening brief. But so I'm struggling a little bit with how both sides seem to have sort of not addressed all the arguments at all the points in this case. I wonder if you could speak to why you chose that one and not the other. Your Honor, it seems so clear to me from the proceedings in district court and the government's position that it was a covered offense, that I believed the issue I raised was more salient than the second one. But if we go to the issue itself, and I have this in the brief as well, and that's Terry versus United States, Justice Sotomayor wrote, which I believe makes it black letter law. The majority said the exact same thing, but not, it didn't quote as nicely, but everyone with a pre-August 3rd 2010 crack conviction under 841B1A or B, including career offenders, has a covered offense and is eligible for resentencing. And so my view, Your Honor, when I put that quote in to the brief that kind of addressed it, the Supreme Court has ruled on the issue. Now, Judge Sotomayor, that's a concurring opinion, so of course it's not in and of itself binding. But the majority basically said the same thing, and I quote, and this is page 1863 of Terry. The statutory penalties, that's changed for all subparagraph A and B offenders. The word all is key. They don't distinguish at all in terms of whether a minimum or maximum amount of conspiracy count changed or not. They clearly say everyone, all. In my view, that's binding on this honorable court. Can I ask you if it's not, I'm sorry. Go ahead, go ahead Judge Gorman. If it's not a covered offense, isn't the, wouldn't a sentence that was, the government was actually prepared to stipulate to be illegal? If it was not a covered offense, I believe Your Honor is correct. But it seems to me that based on Terry, the court says everyone with a pre-August 2010 crack conviction is eligible. But Supreme Court did not distinguish between either one. And I've never seen the Supreme Court use words like everyone or all. It's surprising how broad the language is, but it seems to me that the Supreme Court has clearly ruled and that their opinion in Terry is binding on this court. The question I was going to ask you is slightly different, but somewhat related to what Judge Gorman just asked. And that is, given that the conduct occurred prior to November of 1987, the defendant was actually not sentenced under the sentencing guidelines originally, was he? He was not, the guidelines did not exist at the time. So I'm having a little bit of a difficult time understanding why we are relating back, if you will, through the first step back conduct that was not sentenced under the guidelines when there was no distinction between crack and powder cocaine. I mean, Your Honor, I do think even at that time, crack had a far more nefarious reputation, even more so than cocaine. So it may have influenced the district judge's thinking. Well, counsel, I think Judge Gorman and I may be the only people on this argument who remember what life was like prior to the sentencing guidelines. And while it may very well be true that crack was viewed as perhaps more evil than powder, back in those days when you went into the courtroom, the district court could sentence anywhere from probation to the maximum. And there was no appeal or very limited rights to appeal by both. Well, the government had almost no right to appeal and the defendant had a limited right to appeal. So long as the statute was, the sentence was within the statutory provision. I'm having a little bit of a difficult time here trying to engrave an issue that applies to guidelines sentencing to a non guidelines. And Your Honor, those are very good points, but again, the US Supreme Court did not qualify it in any way. They just said it applies to everyone. It applies to all. But Harry was a guidelines case, as was Concepcion, right? They were, Your Honor, but the Supreme Court shows very, very, very broad language why they did that, whether they regret it, I don't know. But they did clearly use very broad language. Well, I mean, the issue wasn't presented to them because they were dealing with an original guideline sentence that might be impacted by the First Step Act on a re-sentencing. So then, Your Honor, I would go back to my initial position that this issue has been waived. That the principle of self-presentation... We should just focus on discretion, abuse of discretion. Yes, Your Honor. So could I ask you about your answer to Judge Corman? So you said that if it was not a covered offense, the sentence would be illegal. So I take it that means you disagree with the Seventh Circuit's opinion in Hudson? I apologize, Your Honor. No, I do not at all. I completely agree with the Hudson opinion. So even if it is not a covered offense, it could be re-sentenced under Hudson under the theory that the sentence is all the counts together and they all need to be re-examined? Yes, I misspoke a moment ago. Exactly. Even if we only get a re-sentencing on because of count 23 in this case, the track one, then we could... Mr. Browning could be re-sentenced on all three counts of conviction. I'd like to ask another question to you. I know we're into your rebuttal time, but I'll still give you time for rebuttal. So hang with us while we keep asking questions. It's a complicated case. So could we turn to the discretion issue for a moment? So it seems like the district judge tried to signal that the judge thought this was the appropriate sentence kind of regardless. How can you explain to us why we should say that the judge would do something different if we remanded? I mean, first of all, the judge did not give consideration to the sentencing guidelines. He put a footnote to that effect. And I had a quote in my supplemental brief where the judge basically said that he had to take the law the way it was back then. Concepcion says you can't do that anymore. You can, but you have to be aware that you can go either way, looking both at the facts and or the law as they've changed. I'm asking the court to appoint a new judge. Mr. Browning's conduct was absolutely exemplary. He had one infraction in 1989, one in 2004. He failed to show up to a suicide watch program a couple of times. But all in all, his rehabilitation, his conduct has been absolutely remarkable. Looking at him now, I just cannot see a judge not releasing him. This decision was very surprising. Do you think that is a basis under Ninth Circuit precedent to disqualify a judge and order reassignment because you disagree with his exercise of discretion? No, Your Honor, but there was a hearing scheduled to be held to determine whether or not Mr. Browning should be resentenced. And the judge abruptly, without explanation, canceled the hearing. What additional points would you have made at the hearing that you had not already made? I did not represent Mr. Browning back then, but I think that after probation went and looked at his place, he'd be staying his plans for the future. So I believe that is what the focus would have been. That doesn't have anything to do with his post-offense behavior while incarcerated, does it? That just was a concern that the court had as to whether or not the placement would be appropriate so that he wouldn't be back on the streets living in a homeless situation and perhaps more inclined to return to a life of crime. Your argument is that he just didn't give enough weight to the behavior while incarcerated, which the district court described as mixed. And that you quarrel with the district court's decision that his initial behavior was so serious, given the type of violent criminal organization that was before the court, that nonetheless it should have been outweighed by his post-incarceration behavior. That is correct, Your Honor. And then adding on top of that the fact that under the sentencing guidelines, based on the sentencing guidelines, unless he got life, he served more than enough time based on the guidelines. So is your argument that no reasonable district judge would have exercised his discretion to deny release on this record? Yes, Your Honor. Okay. Let's go to your opposing counsel now and we'll still give you time for rebuttal after. Thank you, Your Honor. Good afternoon, Your Honors. May it please the court. Saria Bahadu on behalf of the United States. The government agrees with my colleague that this case is about discretion. It is not about eligibility. The defendant is eligible. He's eligible based on the crack cocaine count. And once he has passed through the threshold of eligibility, we can proceed to the discretionary analysis. And so whether or not the multi-object conspiracy count is covered or not covered, we still get to discretion. And so in the discretionary analysis, the district court did not abuse its discretion when it denied the defendant's first step back motion. And so my colleague focused a lot on what the district court did not consider. But the district court considered the defendant's entire history while he was incarcerated. At the hearing, at I believe it's ER 14, he specifically asked defense counsel about the defendant's history while incarcerated. He then sent out probation to do an interview with the defendant's sister and who the defendant would be living with. He had probation prepare a report which the government has provided to this court at the further excerpts of record. In that report, he received additional information about the defendant post his incarceration. And in that report, it also included a summary of a denial from the United States Parole Commission. And that's significant because the United States Parole Commission looked at this defendant's case. And that's an agency charged with determining whether someone is suitable for release. And it found, based on the violent and sprawling nature of the conspiracy, the fact that the defendant had failed to accept responsibility for his role in the conspiracy, as well as the 1989 bribe that the defendant committed when he was incarcerated, that all of those factors counseled against release. And the parole commission even found that it was likely he would not obey the law if he was released. And that the fact that he, the probability that he would not commit a crime had not diminished over time. And then... It sounds like you'd like us to conclude that the district court considered everything that needs to be considered for the discretionary analysis. But how do we reconcile that with the statement that the court was declining to analyze the guidelines in detail and thought that it was found by Kelly? I think the way the court reconciles that statement is by looking at what the court did. And the court clearly appreciated its discretion. At ER-5, it cited district court opinions in this circuit that have considered the current sentencing guidelines as well as the 3553A factors. And then that's where the court identified the correct legal standards, the ones that remain correct after Kelly's abrogation. And that at ER-7, the district court applied those factors. And it specifically and expressly held that the 3553A factors did not support the defendant's release. And it walked through the typical sentencing considerations that courts do today under the sentencing guidelines. It considered just punishment, deterrence, the danger that the defendant would pose to the community, as well as his offense and his own characteristics as well. It seems, though, that the footnote is saying, there are more things I would consider if not for Kelly. I mean, I don't understand what that footnote is doing if your reading of the opinion is correct. I think that that opinion simply signals that the district court was operating off of the parties' joint motion and the fact that the parties had agreed that the defendant's guidelines range would be 360 to light. But what's unique about this case is that it's pre-guidelines. So it's difficult to assess how the guidelines would have played a role at the original sentence. So I think that that footnote still has to be read in conjunction with the discretionary analysis that was done in the written decision. And Concepcion simply asked district courts to provide a brief statement of reasons. And all that is required... Excuse me. You're referring, counsel, to the language on ER-7 and footnote 1. I quote, the sentencing guidelines did not take effect until November 1, 1987 and only applied to offenses committed on or after that date. That's correct, Your Honor. But that footnote has to be read in connection with what the district court did. And it also has to be considered alongside Concepcion, which has directed appellate courts to have a deferential review when it comes to district courts and that the review should not be overly searching. And that all that is required is that the district court consider the parties' arguments. And we know that the district court considered the parties' arguments because he held a hearing, he sent probation out, and then he wrote a fulsome decision where he discussed specifically the defendant's history while incarcerated, which is at ER-4. And then he balanced the defendant's history while incarcerated against the typical considerations that district judges do daily based on the current sentencing guidelines. Did he mention the probation report that you're talking about? He cited to it, Your Honor, at ER-4. It's just a simple parenthetical site when recounting the bribe that occurred. And it's toward the middle of the page. He didn't discuss it, and the government doesn't want to speculate as to why, but that probation report was under seal and was provided at his request, and those reports are typically filed under seal given the information that's contained within them. May I ask you, I'm not familiar with the Ninth Circuit law in this regard, but normally if this were regular today, Ninth Appeal, and is it the law that a judge has to analyze the guidelines in detail in order for his sentence to be upheld? I don't believe so, Your Honor. I believe that's all that's required based on Concepcion is that the district court consider the arguments. And also in this court, the Cardi decision basically says that district courts don't need to tick off every single 3553A factor. And I'm sure there are more decisions that say that a district court doesn't need to go through every factor in detail. Actually, the Supreme Court in Concepcion said that a court doesn't even need to provide a rebuttal point for point based on the defendant's arguments. It just has to consider what the parties are arguing, and it has to provide enough information so that this court can do a fulsome review of the record. Concepcion expressly disagreed with Telly, though, correct? And the notion that judges were limited in what they could consider? That's correct. That's correct. But based on the record, you can tell that the district court acknowledged Kelly, which was the law at the time, but did not stop there. The district court cited decisions that have considered the current sentencing guidelines and 3553A factors, and then it appreciated its discretion because it walks through all of the reasons why it would not grant release to this defendant, regardless of his eligibility. And based on Concepcion, that is exactly what Concepcion calls for. It calls for analyzing what the parties argue so that it shows that the district court actually considered those arguments. And that is what happened here. If we were to consider the footnote citing Kelly to indicate some sort of error, you haven't argued that the error would be harmless, have you? No, Your Honor, we didn't affirmatively argue that the error would be harmless, but I will say that this court is permitted, even if the government doesn't make an argument, this court is permitted to address the issue, and that's within this court's precedent. I think of Gonzalo Flores' case, and the same goes for affirming on any basis supported by the record, which is a first principle in this court and many others. Gonzalo Flores applies a heightened standard for harmlessness, though, different from what we would usually apply. I think that's right, but the principle that I'm citing it for is mainly that if this court, the fact that the government did not affirmatively make an argument, the court can still consider an issue. Counsel, what's your position on the Seventh Circuit Hudson case? You said that because of the fact that the crack distribution count is clearly, well, I'm not sure it's clearly covered by the First Step Act. That's assuming a guidelines case, but that aside, the defendant has already served more than the maximum on that count, has he not? He has served the maximum on count 23, which is the crack cocaine substantive distribution count, and so that said, he still would have a supervised release term, and I believe it's a 10-year term that would be in effect. The government's position is that we endorse Hudson, and in our view, so long as the defendant has a covered offense and he passes through the thresholds of eligibility, a court may impose a reduced sentence that has the effect of reducing the term of imprisonment on a non-covered offense, and this speaks to why, in our view, the court doesn't need to resolve the multi-object conspiracy, because everything will essentially get analyzed in the discretionary analysis, and just one final point, because I know I'm close to, I'm over time, but here, you know, we know that the district court would not make a different ruling, so sorry, I should have said the Hudson, in our view, Hudson allows a district court to consider reducing a sentence on a non-covered offense, but it still has to consider whether it would have been different had, whether the non-covered offense would have been different had sections 2 and 3 of the Fair Sentencing Act had been in effect. You know, in Hudson, the defendant there had argued that the crack cocaine offenses drove up the sentence on his firearms offense, and so here, the district court made very clear at ER-7 that the crack cocaine penalties and the harshness of the crack cocaine penalties, which is the target of the Fair Sentencing Act, did not meaningfully inform or constrain his decision to impose a sentence on any other count. But that gets to the discretion, right? So, I mean, we might think the judge has exercised discretion and told us that no matter what, this is the sentence this person is getting, but if we just hypothetically think that maybe the judge made an error in the analysis because the judge thought he was constrained by Kelly, if we thought that, then this point about the explanation of how the sentences were intertwined would fall away, right? It sounds like you're saying Hudson allows us to let the district court decide whether it would have made a difference, whether one count would affect the other. Hudson does allow a court to decide whether it would have made a difference on the non-covered count, but here the district court has already made that decision. So on remand, the district court would say again, the crack cocaine penalty would not make a difference on this conspiracy count. But it's the government's position that if the district court had said, oh yes, now that the crack cocaine count is lower, I'm going to give a lower sentence on the conspiracy too, that would have been okay. That would have been okay so long as there was something in the record to suggest that the crack cocaine count was driving up the non-crack count. So it would be okay in Hudson, for example. Because in Hudson, the record indicated that the crack cocaine counts were driving up or were impacting the non-crack counts. But is the driving up just in the judge's head about what kind of discretion to give? I mean, if this judge had said, oh yes, if that sentence had been lower, I would have given a lower sentence for the conspiracy too when I looked at the whole package. Is that enough, or do you think there's something else that needs to be? No, I think that that would be enough. I'm just trying to make clear that on this record that we have from the district judge, he came to the opposite conclusion. He said that the crack count did not drive up the non-crack count. He pointed to the fact that he gave 30 years instead of 20 on the crack. That's correct, Your Honor. And this record shows that in the Hudson world, it still would not have made a difference and he would not have reduced the sentence. And under 404C, he is not required to reduce the sentence. So from your 28J letter stating Young, I had thought you disagreed with Hudson, but it sounds like you don't. We don't. And we don't believe Young is necessarily categorically in tension with Hudson. We just think Young may have not had the same facts as Hudson where it was very clear how interrelated based on the grouping that the sentences were that the court reached the conclusion that it did. But our position is that Hudson would apply here and that in the end, it would come back down to discretion. And this court did not abuse its discretion based on the record before this court. So if you're right and we were to remand, the district court would presumably, assuming we didn't give a different judge, assuming we said it to this judge, if you're right, the judge will just impose the same sentence. Is there any problem with that? I don't think that there's a problem with that. I think that so long as the district court is following the orders from any remand order, which there's nothing in the record to indicate that this judge would not follow any remand order, this judge has decided the opinion that it decided based on the record and this judge has been on this case for the last 30 years, was the trial judge and knows this case well. He's in the best position to evaluate this defendant and the 26 defendants that are a part of this case. But there wouldn't be a problem if the court's remand order had instructions, the court would follow those instructions and would do the discretionary analysis that's required, but the government's expectation based on the record before it is that the outcome would be the same and there's no need for a remand because what has been done is sufficient under concepcion. Is there any inconsistency between your position on the correctness of his exercise of discretion and your stipulation that he should be released right now? Well, there is an inconsistency in that they're calling for different results. But the district judges do not agree with the government every single day in this country and it's not an abuse of discretion for the district court to disagree with a prosecutor or with a defense counsel. And in this circuit, I believe it's the Hurt and the Miller cases that say a prosecutor's recommendation is purely advisory. And even the defendant's authority says that when it comes to sentencing, that is the district judge's arena. And so we can make a recommendation, but it's not an abuse of discretion for the district judge to come out a different way. And it's not an abuse of discretion just because we disagree. Just because this court might disagree is also not an abuse of discretion. Thank you, counsel. We've taken you over your time. I appreciate your argument. So I think we have three minutes for rebuttal. Let's do that. Thank you, Your Honors. I'll be brief. Number one, with respect to Mr. Browning's denial of parole, presumably the government would have fully vetted Mr. Browning before jointly agreeing that he served enough time that he should be released. And so that puts us in an interesting position where parole thought, no, he shouldn't be released, but the government, which I'm sure vetted him, I'm sure it went. Do we know whether the parties were aware of that? Did anybody tell the district court that at the time that the court ruled on the motion? The court would have been well aware it was a joint motion. Perhaps I didn't understand Your Honor's question. My question is, is there anything in the record to suggest that the parties brought to the attention of Judge Wilson the fact that the parole commission had denied parole when the motion was brought? I do not believe so, Your Honor. But I may stand to be corrected. The problem is we're dealing with the ancient history of parole commissions, but normally the parole commission doesn't tell the Department of Justice when they're taking up a parole recommendation or decision. Your Honor, that's before my time, whether they did or not. That was my point earlier, Mr. Gamarra. You've got two dinosaurs on the panel here, and it was a different world. Frankly, I'm not sure how many offenders are left in the United States that are still under the jurisdiction of the parole commission. It's not a very large number. I've never seen one, Your Honor. Mr. Browning is my first and quite possibly my last. Probably. Going back to footnote one, Exeter Record 7, that is the district court saying he would not consider the guidelines, and this is answering one of Your Honor's questions. In Booker, the court made the guidelines advisory, but it did not make them irrelevant. And in Molina-Martinez, that Supreme Court case 2016, I believe the court was quoting Pew, the court did say, the Supreme Court, that the guidelines are the framework and anchor for sentencing thus the fact that the district court in this case did not consider the guidelines is problematic. And in Cardi, of course, the court did say, this court said that the guidelines were one of the factors to considering the 3553A. Judge Reimer's opinion for the in-bank court in Cardi makes it pretty clear that the district court is not required to write an aegis on every factor, as long as there's enough bed so that on appeal, we can review the record and understand what informed the district court's decision. Is your position here that this written order is not sufficient to comply with United States v. Cardi? Absolutely, because the court here declined to analyze the guidelines in detail, and I believe we may be reading the word analyze differently. In my mind, the way the district court used the word analyze, it meant that it wasn't going to give careful consideration or sufficient consideration to the guidelines, not just that the court would not articulate its thinking behind the guidelines. And if you accept my position, Your Honor, then I believe that is contrary to Cardi and that the district court simply ignored the guidelines. Okay. And subjects, any further questions? That concludes my submissions. Thank you both. Your argument was very helpful. Yes, thank you both. This is a very complicated case, and we really appreciate your arguments. This case is submitted, and we are adjourned for the day. Thank you both. Thank you. Good afternoon. This court for this session stands adjourned.
judges: TALLMAN, FRIEDLAND, Korman